UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**NEXTECH MATERIALS,**
**LTD., d/b/a NEXCERIS,**

        **Plaintiff,**        :

        **Case No. 2:21-cv-4337**
  **v.**        **Judge Sarah D. Morrison**
        **Magistrate Judge Elizabeth A.**
        **Preston Deavers**

**PROOF ENERGY, INC.,**        :

        **Defendant.**

## **OPINION AND ORDER**

NexTech Materials, Ltd., d/b/a NexCeris first filed this action in September 2021, alleging that Proof Energy, Inc. ("PEI") was in breach of contract. (Compl., ECF No. 1.) PEI responded with Counterclaims for breach of contract, unjust enrichment, and fraud in the inducement. (Countercl., ECF No. 8.) The matter is now before the Court for consideration of NexCeris's Motion to Dismiss Counterclaim Count III (Fraud in the Inducement). (Mot., ECF No. 23.) PEI responded (Resp., ECF No. 25) and NexCeris replied (Reply, ECF No. 26). Because the Counterclaim satisfies Rule 9(b)'s heightened pleading standard, NexCeris's Motion is **DENIED**.

**I.    BACKGROUND**

All well-pled factual allegations in the Counterclaim are considered as true for purposes of the Motion to Dismiss. *See Gavitt v. Born*, 835 F.3d 623, 639–40 (6th Cir. 2016). The following summary draws from the allegations therein.

PEI provides fuel cells to power heavy-duty vehicles and equipment with electricity. (Countercl., ¶ 6.) Its cells "are designed for high performance, low cost, and zero emissions." (*Id.*) "PEI sought to develop fuel cells with higher performance values[.]" (*Id.*, ¶ 7.) NexCeris "represented that it had the knowledge and skills necessary to assist PEI in developing and testing those higher performance fuel cells." (*Id.*, ¶ 8.)

On February 24, 2021, the two companies entered into a Development Agreement "focused on performance improvements to [Lawrence Berkeley National Laboratory ("LBNL")] baseline cell performance (0.3W/cm2) for" metal supported solid oxide fuel cells ("MSCs"). (*Id.*, ¶¶ 9–12.) Over the course of negotiations, NexCeris made certain representations that allegedly induced PEI to enter into the Development Agreement. (*Id.*, ¶¶ 10, 11, 13.) Specifically, PEI alleges that

> during a series of meetings that occurred between November 2020 and February 24, 2021, Nathan Cooley (Director of Program), Chris Corwin (Sales Manager), and Emir Dogdibegovic (Senior Engineer) at [NexCeris] repeatedly represented to Vlad Kalika (Founder and CTO) and Tim Dummer (CEO) at PEI that [NexCeris] had significant capabilities and extensive know-how to enable [NexCeris] to routinely deliver [LBNL] cell performance at the LBNL baseline (0.3W/cm2) and better[;]

and that NexCeris

> provided written materials that discussed [its] significant background intellectual property in the design and manufacture of solid oxide cells, including its innovative materials and coating solutions to enhance the performance and durability of same.

(*Id.*, ¶¶ 11, 13.)

PEI further alleges that, within months of entering into the Development Agreement, it had cause to doubt the veracity of these representations. By April

2

2021, NexCeris "had only provided non-functioning ('dead') cells[.]" (*Id.*, ¶ 20.) Samples of PEI-designed cells with improved performance over LBNL baseline were due in June, but NexCeris never delivered. (*Id.*, ¶ 21.) And by the end of July, PEI had received only NexCeris cells with LBNL baseline performance; not PEI-designed cells, or cells with any performance improvement beyond baseline. (*Id.*, ¶ 23.) In PEI's view, NexCeris's performance record "demonstrates" that it "materially overstated its capabilities" during negotiations. (*Id.*, ¶ 24.)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) requires a counterclaimant to plead each claim with sufficient specificity to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal alteration and quotations omitted). A complaint or, as in this case, counterclaim which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Supreme Court has explained:

> To survive a motion to dismiss, a [counterclaim] must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a [counterclaim] pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). The counterclaim need not contain detailed factual allegations, but it

3

must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Directv, Inc. v. Treesh*, 487 F.3d, 471, 476 (6th Cir. 2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Litigants face a heightened pleading standard with respect to claims sounding in fraud. *See* Fed. R. Civ. P. 9(b) (requiring that the circumstances constituting fraud must be plead "with particularity"). To satisfy the heightened standard, a counterclaimant must "allege the time, place, and content of the alleged misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex L.P.*, 2 F.3d 157, 161–62 (6th Cir. 1993) (internal quotation and citation omitted). Rule 9(b) "should not be read to defeat the general policy of 'simplicity and flexibility' in pleadings contemplated by the Federal Rules." *U.S. ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 504 (6th Cir. 2008) (citing *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 678 (6th Cir. 1988)). Instead, Rule 9(b) is intended to "provide a defendant with 'at least the minimum degree of detail necessary to begin a competent defense'" and "discourage fishing expeditions . . . which appear more likely to consume . . . resources than to reveal evidence of wrongdoing." *Scotts Co. LLC v. Liberty Mut. Ins. Co.*, 606 F. Supp. 2d 722, 736 (S.D. Ohio 2009) (Graham, J.) (quoting *U.S. ex rel. SNAPP*, 532 F.3d at 504).

## III. ANALYSIS

Under Ohio law[1], fraud in the inducement consists of:

> (1) a representation . . . , (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance.

*Williams v. CitiMortgage, Inc.*, 498 F. App'x 532, 534 (6th Cir. 2012) (quoting *CitiMortgage, Inc. v. Hoge*, 962 N.E.2d 327, 333 (Ohio Ct. App. 2011)). Fraud in the inducement relates "'not to the nature or purport of the agreement but to the facts inducing its execution.'" *Patel v. Univ. of Toledo*, 95 N.E.3d 979, 989–90 (Ohio Ct. App. 2017) (quoting *Haller v. Borror Corp.*, 552 N.E.2d 207, 210 (Ohio 1990)) (alteration omitted).

NexCeris makes three arguments why Counterclaim Count III should be dismissed. Only one is properly raised, but none are successful.

NexCeris first argues that PEI's claim for fraud in the inducement fails to satisfy Rule 9(b). The complete text of NexCeris's argument on this point is as follows:

---

[1] Federal courts sitting in diversity apply state substantive law. *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). The forum state's choice-of-law rules determine which state's substantive law will apply. *Miller v. State Farm Mut. Auto. Ins. Co.*, 87 F.3d 822, 824 (6th Cir. 1996). Where, as here, "'neither party argues that the forum state's choice-of-law rules require the court to apply the substantive law of another state, the court should apply the forum state's substantive law.'" *Wilkes Assocs. v. Hollander Indus. Corp.*, 144 F. Supp. 2d 944, 949 n.4 (S.D. Ohio 2001) (quoting *ECHO, Inc. v. Whitson Co., Inc.*, 52 F.3d 702, 707 (7th Cir. 1995)). Consequently, the Court applies Ohio substantive law.

> PEI makes general assertions regarding meetings related to negotiations for the research and development agreement which allegedly took place over a number of months with various individuals from [NexCeris] and PEI. However, PEI fails to plead any specific dates, times, locations, or manner(s) of communication setting forth where, when, and how these alleged representations were made by [NexCeris] officers, employees or agents. Also, PEI fails to plead with particularity which individuals made each of the alleged representations. Nor has PEI alleged what was fraudulent about such representations.
>
> Moreover, PEI has failed to plead any allegations whatsoever that [NexCeris] engaged in a "fraudulent scheme" or committed any acts or omissions with any "fraudulent intent" at any point in time throughout the parties' negotiations and/or contractual relationship. PEI's bare and unsubstantiated recital of the elements of fraud in the inducement on these points are wholly insufficient to support a claim of fraud under Fed. R. Civ. P. 9(b).

(Mot., 6.) NexCeris does not argue that the Counterclaim fails to allege injury.

PEI argues in response that its Counterclaim contains sufficiently specific detail to "put NexCeris on notice of the alleged misrepresentations and to allow it to address the claim in an informed manner." (Resp., 7.) The Court agrees. As PEI notes, the factual allegations offered in support of Count III identify:

| **Pleading Requirement** | **Allegation** |
|---|---|
| Content | NexCeris had capability "to routinely deliver [LBNL] cell performance at the LBNL baseline (0.3W/cm2) and better," as NexCeris (Messrs. Cooley, Corwin, and Dogdibegovic) told PEI (Messrs. Kalika and Dummer). (Countercl., ¶ 11.) |
| | NexCeris had intellectual property that enabled it "to enhance the performance and durability of [solid oxide cells]," as represented in written materials provided by NexCeris. (*Id.*, ¶ 13.) |
| Time and place | Negotiations that occurred between November 2020 and February 24, 2021. (*Id.*, ¶¶ 11, 13.) |

6

| | |
|---|---|
| Fraudulent scheme | Overstate capabilities during Development Agreement negotiations. (*Id.*, ¶ 24.) |
| Fraudulent intent | Induce PEI to enter into Development Agreement. (*Id.*, ¶ 12.) |

These allegations are sufficiently specific to permit NexCeris to begin a competent defense, and to protect NexCeris against a fishing expedition. *See Roof Maxx Techs., LLC v. Tabbert*, No. 2:20-cv-3156, 2021 WL 3617158, at *4 (S.D. Ohio Aug. 16, 2021) (Marbley, J.) (finding that Rule 9(b) was satisfied by counterclaim that alleged fraud in the inducement based on representations allegedly made "in the weeks leading up to" contract, and collecting cases).

NexCeris next argues, without the benefit of discovery or development of the factual record, that Count III "utterly fails to meet the particularity requirement for a fraud claim [because] no fraud has ever occurred[.]" (Mot., 6.) But a motion under Rule 12(b)(6) tests the sufficiency of the factual allegations in the Counterclaim—the Court must accept them as true and view them in the light most favorable to PEI. NexCeris's argument that "we didn't do it" is, accordingly, premature.

Finally, NexCeris argues for the first time in its Reply that the alleged misrepresentations are not actionable because they consist only of puffery or forward-looking statements. (Reply, 3–4.) Although PEI has not filed a formal objection to NexCeris's Reply, "[t]his Court has explained time and again that a reply brief is not the proper place to raise an issue for the first time." *Ross v. Choice Hotels Int'l, Inc.*, 882 F. Supp. 2d 951, 958 (S.D. Ohio 2012) (Frost, J.) (collecting cases) (internal quotation and citation omitted). Nevertheless, the Court disagrees

7

with NexCeris. The misrepresentations alleged in the Counterclaim are sufficiently tied to NexCeris's then-existing assets and capabilities to be actionable. *See Scotts Co.*, 606 F. Supp. 2d at 741 (explaining that, under Ohio law, a claim for fraud must be based on a statement "involv[ing] a past or present fact").

## IV. CONCLUSION

NexCeris's Motion to Dismiss Counterclaim Count III (Fraud in the Inducement) (ECF No. 23) is **DENIED**.


**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**

8